

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Abel Osagie )
     Plaintiff, )
)
)
v. )    Case No. 3:16cv1311(VAB)
)
U.S. Equities Corp., individual capacity; )
Linda Strumpf, individual capacity; )
Judge Joseph W. Doherty, in his official capacity )
    as Judge of the Connecticut Superior Court )
        Defendants, )    August 2, 2016
)
)

## CIVIL RIGHTS COMPLAINT

The plaintiff, Abel Osagie hereby submits this complaint and alleges upon belief personal knowledge, information and belief as follows (supported by Exhibit 1):

### A. PARTIES

1. Abel Osagie is a citizen of Connecticut State who presently resides at 28 Ward Drive South, Danbury, CT 06810.

2. Upon information and belief, defendant, U.S. Equities Corp. is a company with the address P.O. Box 712 (P80), South Salem, NY10590 and incorporated in the state of New York.  U.S. Equities Corp. service agent is in the State of Connecticut is Gerard F Joyce of 41 West Putnam Avenue, Greenwich, CT 06830.

3. Upon Information and belief, defendant, Linda Strumpf is an attorney in the State of Connecticut with office at 244 Colonial Road, New Canaan, CT 06840.

4. Upon information and belief, Joseph W. Doherty was a Judge in the State of Connecticut Superior Court, Danbury at the time of his actions relevant to this case and his las known location is Connecticut State Superior Court, Waterbury J.D., 300 Grand Street, Waterbury, CT 06702.  At the time Claim V alleged in this complaint arose, this defendant was acting under the color of state law granting him the right to decide collection cases when he knew that the action was time barred and the facts asserted were misrepresented as detailed below.

## B. JURISDICTION

5. Jurisdiction is asserted pursuant to 42 U.S.C. §§1983 and 1985.

6. Jurisdiction is also invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3).

## C. NATURE OF THE CASE

7. In this action plaintiff Abel Osagie seek redress from Ms. Linda Strumpf and U.S. Equities Corp. ("U.S. Equities", "US Equities") for damages resulting from the violation of the state of Delaware law in filing a collection case in the state of Connecticut on a time barred account (Negligence per Se, State of Delaware, Claim I); negligence (State of Delaware, Claim II) and Violation of the Federal Collection Practices Act "FDCPA" (Claim III).

8.  The plaintiff also brings action under Connecticut law, against defendant U.S. Equities Corps for Fraudulent/Intentional Misrepresentation (Claim IV).

9.  The plaintiff is also seeking declaratory relief (Claim V) against the judgement order of Judge Joseph Doherty of the State of Connecticut Superior Court, awarding liability and damages (which the plaintiff is now responsible for) to U.S. Equities Corp. on an account stated only case involving an account that was damaged by the original creditor and is time-barred in the State of Delaware, the state where the account was established.

## D. CAUSE OF ACTION

10. The plaintiff (ABEL OSAGIE; the "plaintiff") repeat and re-allege the allegations set forth in all previous paragraphs as if fully set forth herein.

11. On May 30, 2007, the plaintiff and Alaba Osagie signed an agreement with JPMorgan Chase Bank N.A. as the lender to increase the limit of the open-end mortgage loan ("Chase Bank Mortgage") on their home with the participation of Chase Bank USA N.A. as disclosed under the "Affiliated Lender ABA Disclosure".

12. The Chase Bank Mortgage account was managed by Chase Bank entities including Chase Bank USA, N.A.

13. Alaba Osagie also had a cardmember agreement with Chase Bank USA, N.A. for the use of a credit card with number 5417124853671778 ("Chase account ****1778").

14. The Cardmember agreement between Chase Bank USA, N.A. and Alaba Osagie had a Choice-of-law clause which states that:

> "…the terms and enforcement of this Agreement and your account shall be governed and interpreted in accordance with Federal law and to the extent state law applies, the law of Delaware.  Without regard to conflict-of-law principles, the law of Delaware where we and your account are located, will apply no matter where you live or use the account…"

15. Alaba Osagie received monthly account statements from Chase Bank that were explicitly based on the Cardmember agreement between Alaba Osagie and Chase Bank USA, N.A.

16. Every transaction that Alaba Osagie made on Account ****1778 was subject to the Cardmember agreement.

17. Amount due on the monthly statements and the promise to pay was based on the Cardmember agreement.

18. On July 1, 2007, the Plaintiff had an indemnity agreement with Alaba Osagie to use the funds from the Chase Bank mortgage , Chase Bank account ****1778 and other accounts in funding his business endeavors [Exhibit 2].

19. In June 2008, Chase Bank breached the mortgage agreement and the plaintiff was damaged including loss of the money the plaintiff borrowed from Chase Bank account *****1778.

20. By virtue of the indemnity agreement, the plaintiff was assigned all claims, demands, and causes of action arising from any damages resulting from the use of account ****1778.

21. In December 2008 Chase Bank was put on notice about the damages by the plaintiff and  when Chase Bank refused to pay for his damages he stopped paying on all the Chase Bank accounts including Chase account ****1778.

22. The plaintiff made all the payments on Chase account ****1778 online and the last payment he made on the account was for January 2009.

23. On September 29, 2014, the United State District Court, District of Connecticut found that JPMorgan Chase Bank, N.A. had breached the mortgage account in June 2008 and liable for damages incurred by the plaintiff resulting from the breech [Case 3:12-cv-00639-JCH Document 69].

24.  In an amended complaint filed August 22, 2012 in the State of Connecticut, Superior Court, Danbury, defendant U.S. Equities Corp. claimed that they had acquired Chase Bank account ****1778 from Chase Bank USA, N.A. on May 3, 2011 [DBD-CV-12-6009745-S].  The original Summons was dated 5/11/2012 while the complaint was dated May 16, 2012.

25. U.S. Equites Corp acquired Credit Card ****1778 through a Credit Card Purchase Agreement with Turtle Creek Assets, Ltd.

26. The plaintiff requested that he be allowed to defend the Superior court case in place of Alaba Osagie  and Judge Joseph Doherty denied the request.

27. A request by Alaba Osagie to implead JPMorgan Chase Bank, N.A. was also denied by Judge Joseph Doherty.

28. Alaba Osagie appealed Judge Doherty's decision to the Connecticut Appeals court which was subsequently denied for lack of jurisdiction because the case had not been completed.

29.  While the appeal was going on, Judge Sheila A Ozalis of the Connecticut superior court put "Off"  Alaba Osagie's request for the court to compel U.S. Equites Corp to produce documents pertinent to the case and answers to interrogatories because the case was in the appeals court.

30. U.S. Equities Corp. through their attorney Linda Strumpf provided only the first pages of some account statements to the Danbury court.

31. While the appeal was going on Judge Joseph Doherty took up U.S. Equities Corp motion for Summary Judgement and found liability for U.S. Equities Corp on an account stated only claim ruling that the Cardmember agreement was not relevant on January 22, 2014.

32. On July 30 2014, Judge Doherty ordered a judgement of $23,325.82 for U.S. Equities Corp.

33. Alaba Osagie appealed Judge Doherty's actions on January 6 2014 [Appellate Court, State of Connecticut AC37072].

34. The Connecticut Appeals Court panel of Judges Douglas S Lavine, Eliot D. Prescott and Thomas A. Bishop disposed the appeal on October 13, 2015, affirming the lower court's decision.

35. In the state of Delaware where account ****1778 was created and the law of choice between the parties to the agreement, any claims regarding default on account ****1778 was time-barred at the time US Equities Corp. filed their action under Connecticut laws in the Connecticut Superior Court. Del. Code Ann. Tit 10.  §8106 et seq.

36. On July 27, 2016, during a search online of the Danbury land Records database as the plaintiff has done since 2014, the plaintiff discovered that US Equities has put a lien on the property at 28 Ward Drive South, Danbury, CT 06810 which is jointly owned by the plaintiff and Alaba Osagie with a filing date of August 11, 2014 and then went to the Danbury City to retrieve a certified copy of the record (Exhibit 3).

37. The plaintiff requested Linda Strumpf to remove the lien and this was not complied with.

### CLAIM I
### NEGLIGENCE PER SE – STATUTORY NEGLIGENCE; STATE OF DELAWARE
### (U.S. Equities Corp and Linda Strumpf)

38. The plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs as if fully set forth herein.

39. Defendant U.S. Equities Corp. was aware of the agreement between Alaba Osagie and Chase Bank USA, N.A. as alleged in their Amended complaint of August 22, 2012 in the State of Connecticut case DBD-CV-12-6009745-S.

40. Defendant U.S. Equities and Linda Strumpf knew or should have known that no payments were made on Chase account ****1778 through August 31, 2009.

41. Defendants US Equities and Linda Strumpf knew or should have known that the statute of limitation barred her suit based on the laws of the State of Delaware per the affidavit of one Olga Moises prior to starting her suit in the Connecticut Superior Court.

42. Defendants U.S. Equities Corp and Linda Strumpf knew or should have known that to initiate recovery of Chase Bank Account ****1778 on May 16, 2014 was in violation of violation of Delaware state law, <u>Del. Code Ann. Tit 10.</u>  §§8106, 8107 et seq.

43. As a result of the willful negligent violation of the Delaware State law by U.S. Equities Corp. and Linda Strumpf, the plaintiff suffered damages and the acts of the defendants are the proximate cause of the damages suffered by the plaintiff.


**CLAIM II**
**NEGLIGENCE; STATE OF DELAWARE**
**(U.S. Equities Corp and Linda Strumpf)**

44. The plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs as if fully set forth herein.

45. Defendant US Equities Corp. was aware of the agreement between Chase Bank USA N.A. as alleged in their Amended complaint of August 22, 2012 in the State of Connecticut case DBD-CV-12-6009745-S.

46. Defendant U.S. Equities and Linda Strumpf knew or should have known that no payments were made on Chase account ****1778 through August 31, 2009.

47. Defendants US Equities and Linda Strumpf knew or should have known that the statute of limitation barred her suit based on the laws of the State of Delaware per the affidavit of one Olga Moises prior to starting her suit in the Connecticut Superior Court.

48. Defendants U.S. Equities Corp and Linda Strumpf knew or should have known that to initiate recovery of Chase Bank Account ****1778 on May 16, 2014 was in violation of Delaware state law, Del. Code Ann. Tit 10.  §§8106, 8107 et seq.

49. The failure by US Equities and Linda Strumpf to use the care that a reasonable, prudent, and careful person would use in pursuing a disputed debt based on the laws of the State of Delaware after recovery on the debt was time-barred was negligent under the laws of the State of Delaware.

50. As a result of the willful negligent acts of US Equities Corp. and Linda Strumpf, the plaintiff suffered damages and the acts of the defendants are the proximate cause of the damages suffered by the plaintiff.

## CLAIM III
## VIOLATION OF THE FEDERAL COLLECTION PRACTICES ACT ("FDCPA")
### (US Equities Corp and Linda Strumpf)

51. The plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs as if fully set forth herein.

52. U.S. Equities bought a disputed and defaulted account from Chase Bank USA, N.A which they knew was covered by an agreement per their own allegation.

53. U.S. Equites Corp. and Linda Strumpf knew or should have known that Chase Bank Account ****1778 was a contractual obligation covered by a choice-of-law clause based on the laws of the State of Delaware and Federal laws.

54. U.S. Equities Corp. and Linda Strumpf fraudulently claimed that the accrued interest on Chase Bank Account ****1778 was from 8/31/2009.

55. US Equities Corp. went to the State of Connecticut Court to obtain a fraudulent judgement on an account statement only case, knowing that collection on the account was time-barred in the state of Delaware where the agreement was created.

56. Using misrepresentation or deceit to obtain a Judgement in the State of Connecticut court on a debt is in violation of 15 U.S.C §1692e ("Federal Fair Debt Collection Practices Act "FDCPA").

57. As a result of the violation of FDCPA by defendants U.S. Equities Corp. and Linda Strumpf, the plaintiff has been damaged and the acts of U.S. Equities Corp. and Linda Strumpf are the proximate cause of the damages suffered by the plaintiff.

**CLAIM IV**
**FRAUDULENT/INTENTIONAL MISREPRESENTATION; CONNECTICUT STATE**
**(US Equities Corp)**

58. The plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs as if fully set forth herein.

59. Defendant US Equities Corp. was aware of the agreement between Chase Bank USA, N.A. and Alaba Osagie as alleged in their Amended complaint of August 22, 2012 in the State of Connecticut case DBD-CV-12-6009745-S.

60. Defendant US Equities Corp knowingly used incomplete account statements (removing the pages that referred to the Cardmember agreement) in obtaining her judgement from the State of Connecticut Superior Court.

61. Defendant U.S. Equities Corp. knew or should have known that no payments were made on Chase account ****1778 through August 31, 2009.

62. Defendant US Equities Corp. knew or should have known that the state of limitation barred her suit based on the laws of the State of Delaware per the affidavit of one Olga Moises prior to starting her suit in the Connecticut Superior Court.

63. Defendant U.S. Equities was requested to provide evidence that they are the successor in interest to Chase Bank USA account ****1778 but the plaintiff only attached the bill of sale and refusing to disclose the "Credit Card Account Purchase Agreement".

64. Defendant US Equities in a request to produce all facts and evidence of the right, title and interest of USA N.A. to account ****1778 fraudulently claimed that the evidence was attached (when none was) and when it was brought to their attention, they did not rectify it.

65. As a result of the fraudulent/intentional misrepresentation of Defendant US Equities Corp in obtaining Judgment in an account stated only action involving a disputed account, the plaintiff was damaged and the fraudulent/intentional misrepresentation of U.S. Equities Corp. is the proximate cause of the damages he suffered.

### CLAIM V
### DECLARATORY RELIEF
### (Judge Joseph Doherty)

66. The plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs as if fully set forth herein.

67. Judge Joseph Doherty was aware that account ****1778 was covered by a cardmember agreement between Alaba Osagie and Chase Bank USA, N.A.

68. Judge Joseph Doherty was aware that the Cardmember agreement between Alaba Osagie and Chase Bank USA has a choice-of-state law specifying the laws of the State of Delaware and Federal laws governed all actions pertaining to account ****1778.

69. Judge Joseph Doherty was aware that collection on account ****1778 was time barred based on the laws of the state of Delaware.

70. Judge Joseph Doherty rushed to judgement in awarding erroneous liability to U.S .Equities on an account stated only case while the case was in appellate court while the same Connecticut Superior court refused to compel U.S. Equities to provide documents that would clearly have revealed their fraudulent misrepresentation and violation of the laws of the State of Delaware and Federal laws.

71. Even if account ****1778 was not time-barred, when you ignore the Cardmember agreement, U.S. Equities Corps would not be the proper party to bring the issue to court leaving the State Superior court with no jurisdiction to hear the case.

72. In aiding and abetting the fraudulent acts of U.S. Equities Corp and rendering a judgement of liability and subsequently damages in an account stated only case involving a disputed account that was time-barred in the state of origination, Judge Doherty, under the color of law deprived Alaba Osagie of her rights in violation of 42 U.S.C. Sec. 1983, and Section 1985.

73. The plaintiff has been damaged as a result of the acts of Mr. Joseph Doherty and the violations by Mr. Doherty are the proximate cause of the damages suffered by the plaintiff.

74. In this action, the plaintiff is seeking a declaratory relief, nullifying the July 30, 2014 order of Mr. Joseph Doherty finding liability and damages for US Equities Corps in State of Connecticut case no.  DBD-CV-12-6009745S.

## E. REQUEST FOR RELIEF

**WHEREFORE**, the plaintiff claims:

1. Declaratory relief, nullifying the July 30, 2014 order of Mr. Joseph Doherty finding liability and damages for U.S. Equities Corps in State of Connecticut case no  DBD-CV-12-6009745S.

2. Injunctive relief commanding defendant US Equities Corp to remove their lien from the property at 28 Ward Drive South, Danbury, CT06810 and to further desist from making any further claims against Alaba Osagie with respect to Chase Bank Account ****1778;

3. Declaratory relief as this Court deems appropriate and just;

4. Any other relief as this Court deems appropriate and just;

5. Statutory damages;

6. Punitive damages;

7. Costs of bringing this action as provided for by statute;

8. Such other relief as the Court may deem just and proper.

## E. JURY DEMAND

The plaintiff wishes to have a jury trial.

Respectfully Submitted,

Plaintiff,

BY: *Abel Osagie*
Abel Osagie
28 Ward Drive South
Danbury, CT 06810
Phone: (203) 744-0059
Osagienet@aol.com

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at Danbury
August 02, 2016

BY *Abel Osagie*
Abel Osagie