IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
|  | : | 3:16-cv-01311-VAB |
| ABEL OSAGIE | : |  |
|            Plaintiff | : |  |
| v. | : |  |
|  | : |  |
| U.S EQUITIES CORP. | : |  |
| LINDA STRUMPF | : |  |
| JOSEPH W. DOHERTY | : |  |
|            Defendants | : | November 17, 2016 |

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS
U.S. EQUITIES CORP. AND LINDA STRUMPF'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

Defendant U.S. Equities Corp.'s ("Equities") Second Amended Complaint in the underlying state action (No. 27-2, ECF pp. 9-11) is for an account stated. It is not based on any contractual agreement whatsoever. See *Judge Doherty's Memorandum of Decision dated March 31, 2014 ("Mem. of Dec.")* (No. 27-2, ECF p. 97), which articulated his reason for denying Mrs. Osagie's motion to dismiss: "The basis of the defendant's motion to dismiss is ... the alleged credit card agreement, which the defendant claims governs this matter ... However, since the basis of the complaint is an account stated, the card member agreement would not be applicable."

In denying Mrs. Osagie's motion to dismiss, the state court also held: "Even if the laws of another state would apply to this case, that would not deprive this court of subject matter jurisdiction. A court has subject matter jurisdiction if it has the authority to adjudicate the

1

particular type of legal controversy presented in the pending action." *Mem. of Dec.* (No. 27-2, ECF p. 97).

Plaintiff misses the point. It does not matter that Plaintiff is asserting a different cause of action. "The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made." *Johnson v. Comm'r of Corr.*, 288 Conn. 53, 66, 951 A.2d 520, 529 (2008) [citing *Dunham v. Dunham*, 221 Conn. 384, 391-92, 604 A.2d 347 (1992)].

Plaintiff relies on an alleged "Indemnity Agreement" *Am. Compl.* (No. 29-1, ECF pp. 33-34) between himself and his wife, in consideration of "marital consortium," wherein Plaintiff allegedly indemnified his wife from any damages she incurred from his use of certain Chase credit card accounts. Plaintiff relies on this Agreement to provide him with standing to ask this Court to overturn the state court judgment against his wife. However, that does not overcome that Plaintiff's claims, no matter how stated, all hinge on nullification of the state court judgment.

Plaintiff does not dispute there is a state court judgment against Mrs. Osagie, and actually admits that he is not attempting to overturn the state court judgment in this action. "We have asked the court to weigh in on the threshold questions in this case namely what the applicable laws are with respect to Chase Bank account ****1778." *Plaintiff's Memorandum in Support of Denial of Defendants U.S. Equities Corp. and Linda Strumpf's Motion to Dismiss ("Pltf.'s Opp.")* (No. 35-1, ECF p. 2).

Although Mrs. Osagie's motion to add the Plaintiff in the action was denied three times by the state court[1], he nevertheless claims "the claims brought here were simply not available in state court to this plaintiff." *Id.*. (ECF, p. 5). Plaintiff neglects to point out that he raised these very claims in the state court action, and they were denied. *Mem. of Dec*. (No. 27-2, ECF p. 97).

Any damages which Plaintiff suffered, as a result of his Agreement with his wife, stem from the entry of the state court judgment against his wife, and as a result of that Agreement his claims are identical to those of his wife. Plaintiff cannot escape this.

Pursuant to *Rooker-Feldman*, this Court lacks subject matter jurisdiction to overturn, or nullify, or declare that the state court lacked subject matter jurisdiction to enter the judgment. Plaintiff cannot overcome *Rooker-Feldman*, no matter what language he chooses. Alternatively, res judicata bars Plaintiff's claims. Additionally, Plaintiff has failed to state any viable claim.

As stated in *Judge Doherty's Reply Memorandum in Support of his Motion to Dismiss ("Judge Doherty's Reply"),* (No. 36, ECF p. 1) Plaintiff's original Complaint asked this Court to "nullify" the state court judgment (*Compl.,* No. 1, ECF p. 14). After reviewing Defendants' motions to dismiss, Plaintiff realized this Court had no jurisdiction to do that. Thus, he filed an Amended Complaint amending his request asking for a declaratory

---

[1] First to substitute himself as the Defendant (No. 27-2, ECF pp. 2-6), his motion to reconsider (No. 27-2, ECF pp. 13-20), and then to implead Chase Bank and add himself in as a third-party plaintiff. (No. 27-2, ECF pp. 39-28).

judgment that the state court did not apply the correct laws with respect to the underlying debt. *Pltf.'s Opp.* (No. 35-1, ECF p.2), *Am. Compl.* (No. 29-1, ECF p. 17).

Simply put, Plaintiff is challenging the state court judgment, which is barred by *Rooker-Feldman* and is asking this Court to re-litigate the state court findings, which res judicata prohibits him from doing.

**Res Judicata**

Plaintiff alleges that the doctrine of res judicata does not apply for two reasons (1) Plaintiff was not a party to the prior action *Pltf.'s Opp.* (No. 35-1, ECF p.4) and there is a (2) "dispute as to what the operative law is" *Id.* (ECF p. 5).

However, by Plaintiff's own admission, any claim he may have against any of the Defendants arises from his Agreement with his wife, Alaba Osagie. Thus, he is in "privity" with his wife as a result of that Agreement. See *Aunyx Corp. v. Canon U.S.A., Inc.,* 978 F.2d 3, 7-8 (1st Cir., 1992) (applying res judicata to preclude the alter ego of a corporation from re-litigating the state court judgment).

Plaintiff's second claim is the cardmember agreement between Chase Bank and Mrs. Osagie triggers Plaintiff's "choice-of-law" argument, and Connecticut common law for an account stated does not apply. Plaintiff claims that he is litigating this case "based on federal laws and the law of the State of Delaware as agreed upon by the original parties to Chase Bank Account **** 1778." *Pltf.'s Opp.* (No. 35-1, ECF p. 5). As set forth in *Defendants' Memorandum in Support* (No. 32-1, ECF p. 18 ) and *supra,* Mrs. Osagie raised this very issue by motion in the state court proceeding no less than three times. See Fn. 1, p. 2..

4

"The question is not whether the applicable procedural rules permitted assertion of the claim in the first proceeding; rather, the question is whether the claim was sufficiently related to the claims that were asserted in the first proceeding that it should have been asserted in that proceeding." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001).

Where the claims in the federal case and the state court case "arose out of the same transaction, or series of connected transactions" they are the same "for purposes of the res judicata inquiry." (See *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) *Judge Doherty's Reply,* (No. 36, ECF p. 6)). That is exactly the case herein. Plaintiff repeatedly alleged that his claims arise out of the Chase Account ****1778. The judgment in the state court action also arose out of the Chase Account ****1778.

Plaintiff is re-litigating the state court judgment; thus res judicata bars his claims. As Judge Doherty expounded, *Judge Doherty's Reply* (No. 36, ECF pp. 6-7) privity exists where the parties share the same legal right, as they clearly do here, since Plaintiff admits he obtained his legal right through the Indemnity Agreement with his wife.

**The *Rooker- Feldman* Doctrine**

Plaintiff has apparently conceded that he cannot avoid *Rooker-Feldman* by espousing a different legal theory[2]. Plaintiff's claims *Rooker-Feldman* is not applicable only because he was not a party to the state court action. Since Plaintiff himself admits that he is in privity

---

[2]"Just presenting in federal court a legal theory not raised in state court, however, cannot insulate a federal plaintiff's suit from Rooker-Feldman if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that state-court judgment reversed." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 86 (2d Cir. 2005).

5

with his wife and that his claims arise from an Agreement where his wife assigned her claims arising out of the Chase account to Plaintiff, there is sufficient privity between Plaintiff and his wife for *Rooker-Feldman* purposes. The Plaintiff's interests here are "identical to the interest [of his wife] in the state-court litigation." *Gould v. Airway Office, LLC*, 2016 WL 3948012 at *4, 2016 U.S. Dist. LEXIS 94229, at *11 (S.D.N.Y. July 19, 2016).

### Plaintiff's Standing

Plaintiff claims he commenced this action on his own behalf, not his wife's. His Agreement to indemnify his wife for any damages she may have suffered as a result of the underlying debt belies that claim. All alleged damages which Mrs. Osagie suffered were solely a result of the judgment in the state court action. Thus, by Plaintiff's own admission his claims arise directly from his wife's claims in the underlying action.

### Judge Underhill's Decision in Plaintiff's Action against Capital One

In the *Capital One* case, *Pltf.'s Opp.* (No. 35-1, ECF p. 8, p.11). Plaintiff alleges Judge Underhill found that "the governing agreement ... was the Cardmember agreement" and therefore that Judge Underhill concluded that "Connecticut laws including the violation of the Connecticut Unfair Trade Practices Act ... were not applicable." *Id.* Judge Doherty articulately explained why the Plaintiff's statement that Connecticut laws were not applicable to the Cardmember agreement is false. *Judge Doherty's Reply* (No. 36, ECF pp. 3-4). Judge Doherty attached the transcript excerpt where Judge Underhill sets forth his holding. *Id.* (No. 36, Tr. p. 51 ls. 13 - 20). Plaintiff's CUTPA claim failed, not because it was inapplicable, but because his allegations in that case did not rise to the level of asserting a CUTPA claim.

## CONCLUSION

All of Plaintiff's claims against all of the Defendants call for this Court to nullify the findings of the state court. Plaintiff bases his claims on the same legal rights as those of his wife. Thus, no matter how Plaintiff cloaks his claims, they are barred by *Rooker-Feldman* and/or res judicata.

For the reasons set forth herein, and in *Defendants' Memorandum in Support* (No. 32-1), Equities and Strumpf respectfully request that this Honorable Court enter an Order dismissing all claims against them in this action in their entirety.

                                                   Respectfully Submitted,

                                                   DEFENDANTS
                                                   U.S. EQUITIES CORP.
                                                   LINDA STRUMPF, PRO SE

                                                   BY: */s/ Linda Strumpf*
                                                         Linda Strumpf, Esq. (CT28975)
                                                         For Defendant U.S. Equities Corp.
                                                         & Linda Strumpf, Pro Se
                                                         244 Colonial Road
                                                         New Canaan, Ct. 06840
                                                         Ph: 203-966-8555
                                                         Fax: 203-966-8886
                                                         linda.strumpflaw@live.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2016 a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

For Defendant Superior Court Judge Joseph Doherty:

Robert J. Deichert
Assistant Attorney General
Attorney General's Office
George Jepsen, Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

In addition, a copy of the filing was mailed to the pro se party—pursuant to his designation—at the following address:

Abel Osagie
28 Ward Drive South
Danbury, CT 06810

                                                                                                           */s/ Linda Strumpf*